PADOVANO, J.
concurring.
I join in the decision to deny en banc review without further comment on this case but write to state my view that the en banc rule should not be construed to authorize a non-panel judge to publish a dissent from an order denying an internal motion for hearing en banc. The practice of writing and publishing a dissenting opinion in a case that has been decided by three other judges and made final by an order denying en banc review undermines the state constitutional system of deciding cases by three-judge panels, enables judges to publicly prejudge issues that are not before them and causes significant harm to the collegiality of the court.
The Florida Supreme Court adopted Rule 9.331 of the Florida Rules of Appellate Procedure in the wake of the 1980 revision of Article V of the Florida Constitution. The Supreme Court’s power to resolve a conflict between two decisions of the same district court of appeal was eliminated in this revision, so the rule was needed to provide a method of resolving conflicts within an appellate court. The rule became effective on January 1, 1980, and since then there have been very few instances in which a judge on any Florida appellate court has written an opinion dissenting from the denial of an internal en banc motion. As a matter of fact, there has not been a single instance of such an opinion in the First District Court of Appeal from the inception of the rule until the publication of the dissenting opinion in this case.
Rule 9.331 provides that a non-panel member in active service on the court may *1054 request an en banc hearing on a panel decision or a proposed panel decision. If the motion is granted, the case will then be considered by the full court, and any judge may write an opinion addressing either the merits of the case or the court’s decision to grant en banc review. However, if the motion is denied, the case is no longer before the full court. The very point of an order denying a motion for an en banc hearing is to hold that the panel decision or the proposed panel decision will stand as the decision of the court and that it will not be open to further consideration by other members of the court. A judge who did not serve on the panel has no greater right to comment on the case at that point than he or she would have to comment on a panel decision that had not been the subject of an en banc motion.
Although a judge who was not assigned to the panel may request review by the full court, there is nothing in rule 9.331 to suggest that it would be proper for that judge to write a dissenting opinion in the case if the request is denied. Nor should there be. If the request is denied and the full court has decided to allow the panel decision or proposed panel decision to stand as the decision of the court, that should be the end of the matter.
It seems to me that the practice of allowing a non-panel member to write an opinion on an order denying an internal motion for en banc review could only weaken the judicial system the people of Florida created when they adopted our constitution. Article V, section 4(a) of the Florida Constitution states, in part, “Three judges shall consider each case and the concurrence of two shall be necessary to a decision.” It does not say that a fourth judge who was not assigned to the panel can comment on the case, yet that is precisely what happens every time an appellate judge writes an opinion on a decision to deny en banc review.
Another vice that is inherent in the practice of allowing dissents from the denial of internal en banc motions is that it enables judges to publish opinions that effectively prejudge issues that are not before them. A dissent from the denial of an en banc hearing has no legal effect of any kind. It certainly has no precedential value. And, if we take seriously the order of the full court denying en banc review, we could even conclude that it is not authorized. The only possible effect the opinion could have is to telegraph the way in which the dissenting judge would vote if the issue comes before that judge in the future.
Perhaps a dissenting judge could avoid the appearance that he or she is prejudging an issue if that judge could limit the discussion to the need for review and avoid a discussion of the merits. It is naive though, to think this is the true objective of such an opinion or that the issues could be neatly separated if it were, in fact, the objective. Very often the reasons for requesting a hearing before the full court are interconnected with the merits of the case.
The effect that these kinds of dissents have on collegiality is also a matter of great concern. The denial of an en banc motion signals an intention on the part of the full court not to open the case for consideration by judges other than those who were assigned to the panel. When a judge insists on writing an opinion on the denial of such a motion, the judge is essentially saying, “I don’t care that the case is not before the full court or that I am not assigned to the case, I’m going to comment on it anyway.” This promotes discord among the members of the court and makes it more difficult for them to work together on behalf of the court.
*1055 If the practice of writing dissenting opinions from orders denying internal en banc motions takes hold in Florida law, we will have essentially concluded that our system of assigning appellate judges to panels is meaningless. Any panel decision could provide a forum for comment by any judge on the court. It will not be an obstacle for a judge who insists on writing such an opinion that he or she was not assigned to hear that case. Nor will it be a problem for the judge that the full court has decided not to revisit or modify the panel opinion. All the judge will need to do is make a motion for an en banc hearing. Even if the motion gets only one vote, the judge can then take it upon himself or herself to weigh in on the case and possibly criticize the panel decision the court has just decided not to consider.
It would take very little imagination to recognize the harm that can be done if we allow non-panel members to wade into a controversy that is not before the full court. We need only consider the decision we made just a few months ago in Council for Secular Humanism, Inc. v. McNeil, 44 So.3d 112 (Fla. 1st DCA 2010). That case differs in the respect that it involved an en banc motion by a party, as opposed to an internal motion by a judge, but it illustrates the same potential dangers. When the motion for rehearing en banc was denied, a judge who was not on the panel wrote a dissent. Four other judges who were not on the panel joined in the dissent. This result, no doubt, left lawyers and trial judges who are supposed to derive some benefit from our opinions at a complete loss. Three members of the court made a decision for the court, yet five others signaled their disagreement with the decision.
The judges who voted to deny the motion for rehearing en banc could have written opinions, but that would have defeated the very point of denying the motion. If everyone on the court is going to express an opinion on the case, the court might as well grant the motion. The lesson we can learn from our experience in McNeil is that allowing dissents from the denial of en banc review promotes a form of minority rule. The minority can force the majority either to remain silent or to participate in the en banc proceeding it has just denied.
It is not at all uncommon for an appellate judge to disagree with a panel opinion that is circulating within the court. The judge is free to inform the panel members of the. disagreement and, if that fails to produce a satisfactory result, the judge is free to ask the full court to consider the case. But if the full court denies the request, that is the point at which the judge should accept the decision and refrain from making further comment. To persist in a disagreement to the point of publishing a grievance against the full court for refusing to take up the case will only undermine the authority of the court’s decision.
There are those who would say that we should allow a judge to write an opinion on an order denying a motion for en banc review because it would otherwise appear to be a form of censorship. I do not see it as censorship at all. There are limits to things we are authorized to do as judges. I could not just decide to weigh in on a case pending before another panel of this court any more than I could publish an opinion on a case that is pending in another district court of appeal. We all accept the fact that the right to publish an appellate opinion is limited by jurisdictional principles. I do not understand why it would be difficult for anyone to accept the fact that it is also limited in a multi-panel appellate court by judicial assignment.
Prohibiting an appellate judge from writing and publishing an opinion dissenting from an order of the full court denying *1056 en banc review does not stifle dissent or muzzle the judge, as some might argue. Those who make that argument are, in my view, looking at the issue the wrong way. The judicial system does not exist to serve the rights of judges; we are here to serve the judicial system. The harm that is done to the court as an institution by allowing the publication of a dissent from the denial of an internal en banc motion is far more serious than any restriction that could be placed on an individual judge’s ability to express his or her views on the motion. There are many situations in which a judge must exercise judicial restraint for the good of the court and the judicial system. It is certainly not an offense to any right the judge may have merely to be told that there are some circumstances in which an opinion is not warranted or permitted.
It is no answer to these arguments that opinions dissenting from the denial of en banc review are now commonplace in the federal court system. To the contrary, I think the Florida courts would be wise to learn from the results of this practice in the federal courts. Many federal judges believe, as I do, that it is a mistake to allow non-panel members to dissent from an order denying en banc review. Fifty years ago, Judge Henry Friendly warned that it would “mean that any active judge may publish a dissent from any decision although he did not participate in it, a practice that seems to us of dubious policy....” U.S. v. New York, N.H. & H R. Co., 276 F.2d 525, 558 (2d Cir.1960). More recently, Judge A. Raymond Randolph of the District of Columbia Circuit offered a similar criticism:
It has become customary for members of this court to issue statements concurring in or dissenting from denials of rehearing en banc. I doubt the propriety of this practice. Such statements are rarely confined to setting forth the author’s reasons for thinking or not thinking the case important enough to warrant en banc treatment. Although the statements may take this form, more often than not they contain expressions of a different sort. Judges commonly use denials of rehearing en banc to declare their views on the merits of the case. Those who were not on the original panel announce what they would have decided if only they had been called upon to rule. Judges who were members of the panel express afterthoughts, or respond to criticism contained in the en banc statements of other judges, or explain what the panel “really” meant. All of this may be good for the soul. But it rubs against the grain of Article Ill’s ban on advisory opinions. The manner in which these en banc “bulletins” are formulated does not simulate the process of the court when it is actually deciding a case. If recurring issues are addressed, en banc statements may be tantamount to prejudgments.
Independent Ins. Agents of America, Inc. v. Clarke, 965 F.2d 1077, 1080 (D.C.Cir. 1992). In 1987, Judge Patricia Wald of the District of Columbia Circuit noted that dissents from the denial of en banc review had become more elaborate and she suggested that they might be more properly described as “thinly disguised invitations to certiorari.” Patricia M. Wald, The D.C. Circuit: Here and Now, 55 Geo. Wash. L. Rev. 718, 719 (1987). When a panel member dissented from an order denying an internal motion for a hearing en banc, Judge John C. Porfilio, had this to say:
Because I find no precedence for the publication of an order denying rehearing and rehearing en banc, I have no idea what to label this missive. Nonetheless, an issue has been made over the denial of rehearing en banc, and I am *1057 stirred to state for the record the reason why I have voted to deny. I hope in so doing I do not create a custom for this court, because there already being enough judicial verbiage in print to confound practitioners, I find opprobrious this whole notion of publishing non-prec-edential matters.
Rocha Vigil v. City of Las Cruces, 119 F.3d 871 (10th Cir.1997).
The First District Court Appeal has addressed the problem I have identified here, but not with any degree of finality. In 2006, the court adopted a policy of prohibiting judges from writing and publishing dissenting opinions from the denial of internal en banc motions. This policy was published as a part of the court’s internal operating procedures. Then, in 2008, the court took the opposite position by adopting a policy of allowing dissents from the denial of internal en bane motions. The court revised the manual of internal operating procedures to reflect this most recent version of its policy. Nothing had changed in the interim except the composition of the court.
In any event, I do not believe that the issue is a matter of local concern to be resolved within the First District Court of Appeal. If the Florida court system adopts a policy on the issue, and I believe that it should, the policy should apply uniformly throughout the state. For the reasons given here, I believe that if an internal motion for en banc review is denied, the policy should be to list the vote of each judge in the order without explanation by any judge.